CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 24 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Criminal Action No. 4:12cr00023** |
| **v.** | ) | |
| | ) | **By: Hon. Michael F. Urbanski** |
| **CHRISTIAN OMAR BELTRAN,** | ) | **Chief United States District Judge** |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on Defendant Christian Omar Beltran's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 123. The government opposes Beltran's motion, ECF No. 127. Because he has not demonstrated that extraordinary and compelling reasons exist to warrant his release, the court will **DENY** Beltran's motion.

## I.

On February 19, 2013, a jury found Beltran guilty of all three counts in his indictment: conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A); possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). <u>See</u> ECF Nos. 3 (indictment) & 55 (jury verdict form). Beltran was sentenced to a total term of incarceration of 168 months.[1] ECF No. 66. Beltran appealed, but his conviction and sentence were affirmed. <u>United States v. Beltran</u>, 550 F. App'x 141 (4th Cir. 2013) (per

---

[1] Beltran's sentence consisted of 108 months on each of counts 1 and 2, to run concurrently to each other, and 60 months on count 3, to run consecutively to counts 1 and 2.

curiam) (unpublished). Beltran is currently housed at FMC Butner and has a projected release date of August 22, 2023. On June 1, 2020, Beltran submitted a compassionate release request to the warden; it was denied on June 8, 2020, ECF No. 123-1. There is no indication that he appealed the warden's decision through any appeals process.

On July 27, 2020, Beltran, represented by counsel, filed a motion seeking compassionate release in this district due to the COVID-19 pandemic, ECF No. 123. Beltran states that his fear of contracting COVID-19, coupled with the current state of affairs at FMC Butner, is grounds to release him from confinement.

## II.

In general, a "court may not modify the term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the compassionate release statute, as amended by the First Step Act, creates an exception to this rule and authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (2020). Accordingly, Beltran's requested relief requires the court to consider: (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) if so, if the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction.

      i.     <u>The government has waived the exhaustion requirement.</u>

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the First Step Act to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). While the statute allows a defendant to bring the motion before the district court, the defendant must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A defendant must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u> The first condition requires that the defendant fully exhaust all administrative rights; this means that it is not enough for the warden to respond within thirty days by denying the request for compassionate release. If the warden denies the request within thirty days, the defendant must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of thirty days from when the warden received the defendant's request and has not responded.

Here, Beltran argues that he exhausted his administrative remedies because he made a written request for compassionate release to the warden on June 1, 2020, and received a denial from the warden on June 8, stating that he was denied because his "concern about being potentially exposed to, or possibly contracting COVID-19, is not sufficient grounds for expediting [his] RRC/HC referral outside of the normal timeframes or recommending more time than would ordinarily be recommended." ECF No. 123-1. Beltran contends that he has, therefore, exhausted his administrative remedies. The court disagrees. Beltran ignores the closing paragraph of his denial: "If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons . . . . Your appeal must be received in the Regional Office within 20 calendar days from the date of this response." ECF No. 123-1. Accordingly, Beltran has not exhausted his administrative remedies as he has not shown that he appealed as instructed, or than any such appeal was denied. See 18 U.S.C. § 3582(c)(1)(A) (noting that a defendant may only bring a motion in the district court after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf").

This court has previously found that the exhaustion requirement does not operate as a jurisdictional bar under § 3582(c)(1)(A). See United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1, n.1 (W.D. Va. May 19, 2020); see also United States v. Russo, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Because the exhaustion requirement is not jurisdictional, it operates as a claims-processing rule and can be waived. See e.g., Crawford, 2020 WL 2537507, at *1 (finding that the exhaustion requirement has been waived where the government failed to raise exhaustion as a ground for denying the motion);

Russo, 2020 WL 1862294, at *5 ("[O]ne key consequence of [§ 3582(c)(1)(A)] not being jurisdictional is that the Government can waive the affirmative defense of exhaustion."); see also United States v. Alam, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the exhaustion requirement is a mandatory claims-processing rule that has two exceptions: waiver and forfeiture) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)). In its brief in opposition, the government conceded that Beltran had exhausted his administrative remedies. See ECF No. 127, at 3. Therefore, the court finds that the government has waived the exhaustion requirement.

ii.   Beltran does not present extraordinary and compelling reasons to warrant a sentence reduction.

Because the government has waived the exhaustion requirement, the court must then consider whether extraordinary and compelling reasons warrant a reduction in the term of Beltran's imprisonment. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. The United States Sentencing Guidelines (USSG) § 1B1.13 (the "Policy Statement") application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" other than, or in combination with, the reasons described in Application Notes (A)-(C). Id., at cmt. n. 1(A)-(D).

Beltran has failed to show "extraordinary and compelling reasons" justifying the relief he seeks. See United States v. McMillan, No. 7:08-cr-31, 2020 WL 3213399, at *2 (W.D. Va. June 15, 2020) ("A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted.") (internal citations omitted). "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing United States v. Feiling, No. 3:19-cr-112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)). Beltran argues that that extraordinary and compelling reasons warrant a reduction in his sentence based on his fear on contracting COVID-19. However, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). Beltran has pointed to no factors—unique to him—that make him particularly susceptible to the disease or which increase his risk of complications from the disease should he be contract it. Absent any such showing, Beltran has failed to establish any basis for the relief he seeks.

Because Beltran has failed to show "extraordinary and compelling reasons" justifying his release from custody, the court need not consider the factors set forth in 18 U.S.C. § 3553(a). Beltran's request for compassionate release will be denied.

### III.

For the reasons stated herein, the court **DENIES** Beltran's motion for compassionate release, ECF No. 123. The clerk is directed to send a copy of this memorandum opinion and

accompanying order to the defendant, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered:     September 23, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.09.23 10:15:47 -04'00'

Michael F. Urbanski
Chief United States District Judge